# GRAYROBINSON

Karen L. Stetson   |   Karen.Stetson@gray-robinson.com   |   **D** 305.913.0352
333 SE 2ND AVENUE, SUITE 3200, MIAMI, FLORIDA 33131   |   **T** 305.416.6880   |   **F** 305.416.6887

April 28, 2025

Travis R. Walker, Esquire
1100 S.E. Federal Highway
Stuart, Florida 34994
Via e-mail: travis@traviswalkerlaw.com

Re: Manzaro Joseph v. Combs, et al.

Dear Mr. Walker:

I am writing as a follow-up to my letter dated April 2, 2025, which you ignored. I am hopeful that this letter will at least prompt a response.

As you are aware, Mr. Estefan vehemently denies the allegations in your Complaint and now, in your Amended Complaint. I have previously put you on notice that if this case proceeds, we will be seeking Rule 11 sanctions against both you and your client. Since sending that letter, there have been several developments in this case that would make any lawyer wary about the credibility of your client and his claims.

First, I note that the Judge denied your client's motion to proceed in forma pauperis. Of particular interest in the Court's order are the reasons for its denial. Having obviously looked at your Complaint and its patently outlandish allegations, the Court conducted its own research, only to learn that your client has been guilty of filing frivolous claims in the past, citing *Manzaro v. D'Alessandro*, 229 So. 3d 843, 844-46 (Fla. 4th DCA 2017). (Although not cited by Judge Middlebrooks, if you have not already conducted research about your client thus far, I would also direct your attention to *Manzaro v. D'Alessandro*, 283 So.3d 335 (Fla. 4th DCA 2019) in which it was found that your client was physically violent during a court proceeding.) The Judge's initial perception of your client is that he is not truthful.

But the Judge's comments were not only directed at the veracity of your client. The Judge also noted your client's pattern of filing "numerous scattershot pleadings," citing as an example *Manzaro v. HCA, Inc.*, 254 So. 3d 576 (Fla. 3d DCA 2018). I have not been able to determine how much federal court experience you have, so if you are unfamiliar with that term, this type of pleading is "abhorred" by the Courts and is considered tantamount to obstruction of justice. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 982 n.66 (11th Cir. 2008). Your Complaint is just such a pleading in that: (1) each count adopts the allegations of all preceding counts; (2) the Complaint is replete with vague and conclusory allegations; (3) the allegations merely "parrot" elements of various causes of action; (3) the Complaint is lacking in

Boca Raton | Fort Lauderdale | Fort Myers | Gainesville | Jacksonville | Key West | Lakeland
Melbourne | Miami | Naples | Orlando | Pensacola | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

# 63532152 v1

gray-robinson.com

EXHIBIT B

Travis R. Walker, Esq.
April 28, 2025
Page 2

specificity, lumping all Defendants together. I believe that, with his Order, Judge Middlebrooks is essentially warning you that you had better reevaluate our client's "story" and that your Complaint is subject to dismissal. We certainly intend to file a Motion to Dismiss.

I should also note that Judge Middlebrooks is a proponent of Rule 11 sanctions when the circumstances are appropriate. *See, e.g., Trump v. Clinton*, 653 F. Supp. 3d 1198 (S.D. Fla. 2023) (Judge Middlebrooks) (imposing sanctions against plaintiff and plaintiff's counsel where case was initiated by impermissible shotgun pleading; complaint contained factual allegations that were knowingly false or made with reckless disregard for truth; complaint advanced claims based on frivolous legal theories and frivolous lawsuit was part of pattern.) All of these bases are applicable here, in addition to the lack of pre-suit investigation. With regard to pre-suit investigation, what would pass muster under Rule 11 depends on the case. *See Walther v. Mcintosh*, 572 F. App's 881, 883 (11th Cir. 2014) (*quoting Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533: "[Rule 11] imposes 'an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing' and 'the applicable standard is one of reasonable under the circumstances." In a case like this, which on its face contains outlandish allegations of a serious, highly offensive nature, far more investigation would be required before filing suit than if a client comes into your office complaining about the breach of a contract.

After receiving the Judge's highly negative Order, you received information from counsel for Shawn Carter (Jay Z) and Ms. Knowles (Beyonce) which shows they were not in Miami in "early April." The information that was provided was publicly available information that could readily have been discovered by you had you conducted a proper pre-suit investigation. You accepted the information as proof that what your client told you about Jay Z and Beyonce having attended a party in Miami in "early April" was wrong and filed an Amended Complaint deleting references to them as witnesses. Obviously, whether or not your client saw these two huge celebrities at a party is not something one would normally "forget" or "get wrong," so I have to assume it caused you to doubt his whole story.

We have also been in touch with representatives of LeBron James, who you claim was in the "Estefans' Mansion" and purportedly saw your client in some kind of "deteriorating state." We have confirmed, through his representatives, that Mr. James was not at the "Estefans' Mansion" in "early April" and, in fact, based on his publicly available basketball schedule, Mr. James had two games in Cleveland in "early April." We can also confirm that Mr. James has never been to the Estefans' home. Mr. James' basketball schedule was available for you to research pre-suit had you conducted a pre-suit investigation as you are required to do. This case, in particular, called out for a pre-suit investigation given the inherently unbelievable allegations. *See Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (a litigant's obligations with respect to the contents of pleadings or motions are not measured solely as of the time they are filed with the court, but also include reaffirming to the court those contents after learning that they cease to have any merit).

Travis R. Walker, Esq.
April 28, 2025
Page 3

      One of the more unbelievable allegations that would have made any lawyer raise an eyebrow is the claim that there was an underground tunnel linking the "Estefans' Mansion" to the "Diddy Mansion." Your Complaint does not provide the address for what you are referring to as the "Diddy Mansion," but the address you have provided for what you call the "Estefans' Mansion," One Star Island, is not the Estefans' residence. The Estefans have resided for many years at 38/39 Star Island which is comprised of two houses. In early April of 2015, One Star Island was also owned by the Estefans, but they never lived there; it was a house reserved for family use. No parties were thrown there in 2015.

      Mr. Combs owned a house next door to One Star Island, but the idea that there could have been a tunnel connecting the houses is absurd. Star Island is a man-made island that was formed by the U.S. Army dredging sand. You cannot dig very far at all before you will hit water. The alleged tunnel simply is not feasible, which you can confirm with any engineer familiar with the area. But on top of that, the story makes no sense. Your client purportedly went into the back door of what you are calling the "Estefan's Mansion," only to be secreted through this tunnel into the "Diddy Mansion." If he could enter the back door of the "Estefans' Mansion," why couldn't he have simply entered the back door of the "Diddy Mansion?" It seems this underground tunnel was invented in a desperate attempt to connect the Estefans with whatever you claim was going on at the "Diddy Mansion," which my client knows nothing about.

      It is difficult to imagine what has motivated your client to make these false allegations about my client, but you should know that Mr. Estefan is an upstanding member of the community who is highly involved in the arts and various charities. These allegations continue to be very hurtful to him; moreover, Gloria Estefan has recently released a new album and these allegations are an unwanted distraction from the marketing and promotional efforts for her work. This must stop now.

      I have made my position very clear. If you do not dismiss Mr. Estefan from this frivolous lawsuit, you do so at your own risk and at your client's risk.

                                   Sincerely,

                                   Karen L. Stetson