UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-80422-DMM

MANZARO JOSEPH, an
individual,

    Plaintiff,

v.

SEAN JOHN COMBS a/k/a Diddy,
an individual, ERIC MEJIAS, an individual,
BRENDAN PAUL, an individual,
EMILIO ESTEFAN, an individual, ADRIA
ENGLISH a/k/a ADRIA SHERI ENGLISH,
an individual, Does Johns,

    Defendants.
_____/

## DECLARATION OF GLORIA ESTEFAN

Gloria Estefan hereby declares:

    1.    My name is Gloria Estefan, I am over the age of eighteen, and am otherwise *sui juris*. This Declaration is made based upon my own personal knowledge.

    2.    I am a well known songwriter and recording artist, who has sold over 100 million records, won 9 Grammy Awards and has been the recipient, amongst many honors, of a Presidential Medal of Freedom, a Kennedy's Center Honor, an American Music Award for Lifetime Achievement and an inductee in the Songwriters' Hall of Fame. I enjoy a very large global fan base.

    3.    I have, together with my husband, Emilio Estefan, Jr., built successful music businesses, owned several residential and commercial properties in Miami Beach, and been very

Error! Unknown document property name.

**EXHIBIT E**

involved in the arts and charitable organizations in Miami for many years. As a result, we enjoy a very favorable reputation in Miami, throughout the United States and internationally.

4. I have read the Complaint and Amended Complaint in this matter and categorically deny each and every allegation about me and about my husband contained in those pleadings.

5. Emilio and I own two houses next to one another, at 38 and 39 Star Island, Miami Beach, Florida, where we have raised our two children and have lived for many years (the "residence"). It is still considered to be our primary residence.

6. Between 1993 and 2021, we owned another house on Star Island, at One Star Island. The houses on Star Island are situated in a sort of horse shoe pattern and One Star Island is located on the other side of the island (not next door) from 38/39 Star Island where we reside. The house at One Star Island, which we no longer own, was used for many years for other family members (the "family house"). From approximately 2012 to the beginning of 2019, one of our closest family members occupied the house. As of "early April 2015", that family member and his young son, a toddler, would have been in residence at One Star Island. Given my close relationship with that family member, had strangers appeared at One Star Island after midnight in "early April 2015," that would have no doubt been reported to me or to Emilio. No such thing happened. Particularly given the occupants of One Star Island, I know that no parties were thrown during that time period, 2012-2019, at the family house.

7. Moreover, in order to gain access to the "back entrance" of One Star Island, visitors must pass not only through the front entrance's manned security gate, they would then need to be let in through two gates by the occupant of the house. The "back" of the property abuts the Bay and one cannot simply park at One Star Island and walk in the back door.

**Error! Unknown document property name.**

8.      In April 2015, Sean Combs owned Two Star Island, the house next door to the family house, having bought it from Tommy Mottola, a famous record company executive in approximately 2003.  In 2021, we sold the family house to Sean Combs.  Emilio and I were friends of Tommy Mottola and visited him at Two Star Island when he owned it; however, we were never inside either house, One Star Island or Two Star Island, when Combs owned either of them.  At no time was there ever any "tunnel" between the two houses, at least not while we owned One Star Island, and based on many years of experience with the City of Miami Beach, I believe this fact could have been easily verified through the public records of the City of Miami Beach.

9.      I have no knowledge of Joseph Manzaro, Eric Mejias, Brendan Paul or Adria English a/k/a Adria Sheri English.  I am aware that my husband, through two companies, had a very short-lived business association with Sean Combs which ended many years prior to April 2015.  I have not had any relationship, personal or business, with Combs.  I was never in Combs' house and Combs was never in either our residence or family house, except after Combs purchased the family house in 2021.  Nor has LeBron James (nor Jay-Z or Beyoncé, for that matter) ever been in our residence or family house.

10.     Particularly because of Emilio's and my celebrity status and the lurid allegations of the Complaint, this "story" was extensively covered by the media both globally and locally, including (among many others) People, Forbes, Fox News, the New York Post and Yahoo News. For weeks after the Complaint was filed, neither of us could even appear in public without being sieged with questions about the merits of such horrific allegations. In fact, we were ambushed by TMZ coming out of a radio station in New York City on Thursday, May 8, 2025, after promoting my music at a live radio station show, with questions about this case. TMZ is also the medium

**Error! Unknown document property name.**

that first informed us of the lawsuit by the Plaintiff the day it was filed, months before Emilio was even served.

11. From a professional standpoint, the timing of Plaintiff's Complaint could not have been worse since the consequent news coverage coincided with the release of two of my new songs on March 20, 2025 and May 1, 2025, entitled "Raices" and "La Vecina," produced by Emilio. As is customary in the industry, these songs were released in advance of my new album entitled "Raices," which was released at the end of May 2025. The time period in which this suit was filed was, therefore, crucial for the planned marketing and promotion of not only the two songs, but the Album itself. The negative publicity, which persists, thwarted our marketing and promotional efforts, no doubt causing significant financial harm in lost sales.

12. After Plaintiff's Complaint was filed, our lawyer repeatedly tried to persuade Plaintiff's counsel to drop Emilio as a defendant from this frivolous lawsuit, but he did not respond.

I swear under penalty of perjury the foregoing is true and correct.

Dated this __3__ day of July 2025.

Signed by:

*Gloria Estefan*

10E736A20C02407...

GLORIA ESTEFAN

**Error! Unknown document property name.**