UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80422-CV-MIDDLEBROOKS

MANZARO JOSEPH,

    Plaintiff,

v.

SEAN JOHN COMBS, et al.,

    Defendants.

_____/

## ORDER ON MOTION FOR SANCTIONS AND CLOSING CASE

**THIS CAUSE** is before the Court on Defendant Estefan's Motion for Sanctions, filed on July 25, 2025. (DE 29). Attorney Travis Walker filed his Response on August 15, 2025. (DE 50). No Response has been filed by *pro se* Plaintiff, but I find no Response to be necessary. On review, the Motion is granted in part, this case will be closed, and sanctions are imposed as to Attorney Walker.

## BACKGROUND

This matter concerns sweeping allegations of human trafficking, drugging, kidnapping, sexual exploitation, obstruction of justice, witness tampering, and fraudulent concealment. Plaintiff, a resident of Palm Beach County, claims that he was "drugged, transported against his will, and sexually maimed as a victim of a coercive and organized criminal enterprise beginning in 2015, orchestrated and facilitated by the Defendants." (DE 11 ¶ 14). Moreover, Plaintiff alleges that Defendants "also obstructed justice, facilitated cover-ups, intimidated Plaintiff, and enabled [their] crimes through conspiracy and concealment." (*Id.* ¶ 15). The Amended Complaint brought a total of fifteen counts for, among other things, racketeering activities, kidnapping, and human trafficking in violation of 18 U.S.C. § 1595.

1

On July 24, 2025, I dismissed the Amended Complaint as a shotgun pleading. Defendant filed the instant Motion the next day, raising allegations of sanctionable conduct under Federal Rule 11, including failure on counsel's part to adequately investigate the veracity of Plaintiff's extraordinary claims. Attached to the Motion are two letters from Defendant Estefan's counsel, sent to Attorney Walker on April 2, 2025, and April 28, 2025, which detail the implausibility of the Complaint's allegations. (DE 29-1; DE 29-2). They explain, among other things, that a simple internet search proves several of the public figures named in the Complaint could not have been in south Florida during the time period listed, and that the existence of a "tunnel" between Defendant Estefan's house and the former residence of Defendant Combs could not exist as described. Despite these warnings, Attorney Walker filed the Amended Complaint on April 11, 2025. As the second letter was delivered to Attorney Walker on April 28, 2025, the 21-day safe harbor requirement of Rule 11 is satisfied.

Beginning on August 4, 2025, Plaintiff filed several notices *pro se*, complaining of Attorney Walker's conduct. (DE 30; DE 31; DE 32; DE 35; DE 36; DE 43; DE 45). Attorney Walker withdrew as Plaintiff's counsel on August 6, 2025. (DE 34; DE 37). Plaintiff then filed a notice voluntarily dismissing this action on August 12, 2025. (DE 46). As I noted previously, although Attorney Walker has withdrawn from his representation of Plaintiff, he remains accountable for the Amended Complaint under Rule 11, as he had a clear opportunity to correct or withdraw the offending pleading. (DE 37); *contra Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010). I therefore ordered Attorney Walker to show cause explaining why the Motion should not be granted, and describing what pre-suit investigation was undertaken to vet Plaintiff's claims. (DE 40).

## LEGAL STANDARD

"Rule 11 deters attorneys and litigants from clogging federal courts with frivolous filings. It also rewards litigants who admit their mistakes within a 21-day safe harbor period – and penalizes

those who refuse." *Huggins v Lueder, Larkin & Hunter, LLC*, 39 F. 4th 1342, 1344 (11th Cir. 2022). The Rule uses a "two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware they were frivolous." *Baker v Alderman*, 158 F. 3d 516, 524 (11th Cir. 1998); *see also Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

"Rule 11 stresses the need for some prefiling inquiry." *Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F. 2d 380, 382 (11th Cir. 1992). It "imposes 'an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing,' and 'the applicable standard is one of reasonableness under the circumstances.'" *Walther v. McIntosh,* 572 F. App'x 881, 883 (11th Cir. 2014) (quoting *Bus. Guides, Inc. v. Chromatic Communications Enter., Inc.,* 498 U.S. 522, 551 (1991)); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry . . . .")' *Turner v. Sungard Bus. Sys., Inc.*, 91 F. 3d 1418, 1422 (11th Cir. 1996) (quoting Fed. R. Civ. P. 11(b)-(c), advisory committee's note to 1993 amendment)). The Rule "is 'aimed at curbing abuses of the judicial system.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990).

The central purpose of Rule 11 "is to deter baseless filings in the district court," and "any interpretation" of the rule "must give effect to the Rule's central goal of deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Advisory Committee Notes and Commentary ("Commentary") to the Rule also emphasizes this focus: "Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Fed. R. Civ. P. 11(b)-(c), advisory committee's note to 1993 amendment. The Eleventh Circuit has said that "[i]mposing a financial penalty often will be the most effective and fair means of enforcing Rule 11 and deterring baseless suits." *Donaldson v. Clark,* 819 F. 2d 1551, 1557 (11th Cir. 1987) (en banc).

3

## DISCUSSION

At the outset, the claims raised in the Amended Complaint are objectively frivolous. The Amended Complaint describes extensive allegations of concerted criminal activity, in which Plaintiff was abducted and brought to the Star Island residence of Defendant Estefan, where he was then transported through an underground tunnel to the nearby residence of Defendant Combs. (DE 11 ¶ 28). The Amended Complaint avers that Plaintiff saw several high-profile figures along the way, including LeBron James and Gloria Estefan. (*Id.* ¶¶ 21, 35). In the now-obviated original Complaint, Plaintiff also avers that he saw Beyonce and Jay-Z. (DE 1 ¶ 21). Plaintiff then claims that while held at the residence of Defendant Combs, he was assaulted by Defendants and several other individuals.

As the letters from Defendant Estefan make plain, the narrative supplied by the Amended Complaint is beyond implausible. The public schedules of the individuals identified confirm that none were in south Florida in April of 2015. By way of example, LeBron James spent early April of that year playing several basketball games in Cleveland against the Miami Heat and Chicago Bulls. (DE 29-2 at 2; DE 29 at 7). Moreover, the "tunnel" described in the Amended Complaint remains an engineering impossibility. "Star Island is a man-made island formed by the U.S. Army dredging sand. You cannot dig very far at all before you will hit water." (DE 29-2 at 3). Consequently, both the original Complaint and the Amended Complaint contained objective indicia of unreliability.

But the inquiry for sanctions does not begin and end with frivolity. I must next determine whether Attorney Walker should have been aware of the frivolous nature of the claims he brought. Under these circumstances, given the notoriety of the individuals involved and the incredible nature of the allegations, I find that an attorney of reasonable diligence would have performed a more diligent pre-suit investigation than the one Attorney Walker describes. *See Walther*, 572 F. App'x at 883; *Chambers*, 501 U.S. at 47. Aside from his conversations with Plaintiff, Walker explains that he

interviewed several individuals who supported Plaintiff's core factual allegations and reviewed documents, such as medical records, a police report, and surveillance stills. (DE 50 at 3; DE 50-1).

I am not persuaded that these efforts reveal a sufficiently diligent pre-suit investigation. The only exhibit filed from a "corroborating witness" is an affidavit dated July 7, 2025—several months *after* the Amended Complaint was filed. (DE 50-1 at 1). It details the account of one Guillermo J. Farinas, himself a retired attorney who has faced formal sanction from the Florida Bar for his past representation of Plaintiff Manzaro, who has also been sanctioned for filing frivolous cases. *Florida Bar v. Farinas*, SC2023-0774, No. 2018-50334(15A) (Fla. May 26, 2023); *see Manzaro v. HCA, Inc.*, 254 So. 3d 576 (Fla. 3d DCA 2018); *Manzaro v. D'Alessandro*, 229 So. 3d 843, 844-46 (Fla. 4th DCA 2017). Mr. Farinas's troubles with the Bar render him a problematic witness, but even if he were a neutral source, his affidavit does little to support the facts of the Amended Complaint. Mr. Farinas speaks to having observed "dramatic and disturbing change[s]" to Plaintiff's demeanor as the "memories of the April 3, 2015, incident began to return to him." (DE 50-1 at 1). This hardly "support[s] Plaintiff's core factual allegations," as suggested by Attorney Walker. (DE 50 at 3).

The documents referenced by Attorney Walker are similarly unavailing. What Attorney Walker describes as "medical records, police report[s], CCTV surveillance stills, injury and supporting photographs, and related materials" appear to be several non-descript stills of a guardhouse and private road, along with a heavily redacted police report from a different date than the one listed in the Amended Complaint. (DE 50-1 at 3-7). Attorney Walker also appears to have made no true effort to look into the "tunnel," aside from discussing it with Plaintiff. In sum, none of the exhibits Attorney Walker has provided to the Court corroborate even a fraction of the factual averments challenged by Defendant Estefan, nor would they convince an attorney of ordinary prudence that the narrative he is being asked to present to the Court is a credible one. And finally,

Attorney Walker has failed to address any of the legal deficiencies in the claims brought. (DE 50).

Rule 11 sanctions are properly assessed (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. *Massengale*, 267 F.3d at 1301 (11th Cir. 2001) (citing *Worldwide Primates*, 87 F.3d at 1254). Having found that Attorney Walker had cause to doubt the veracity of the Amended Complaint's allegations and failed to conduct a sufficient pre-suit investigation, I conclude that he should have been aware of the frivolous nature of the pleadings. Sanctions under Rule 11 are therefore proper. As to Plaintiff himself, however, I decline to issue sanctions at this time. Despite Defendant's suggestion that Plaintiff filed this claim to garner media attention, (DE 29 at 14), I do not have sufficient information to conclude that his account was submitted with the intent of filing a frivolous claim. Whereas Attorney Walker was expected to conduct a pre-suit investigation, I find that Rule 11's goal of deterrence is not served by sanctioning a client like Plaintiff—who, as Mr. Farinas's exhibit details, may have suffered a "psychological and neurological crisis." (DE 50-1 at 1); *see also Cooter & Gell*, 496 U.S. at 393.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion for Sanctions (DE 29) is **GRANTED IN PART**.

(2) Pursuant to Federal Rule 11, sanctions are imposed against Attorney Travis Walker. Mr. Walker **SHALL PAY** a fine of $7,500.00, payable to the Court.

(3) The Clerk of Court shall **CLOSE** this matter and **DENY** all pending Motions as moot.

**SIGNED** in Chambers at West Palm Beach, Florida, this 18th day of August, 2025.

_____
Donald M. Middlebrooks
United States District Judge