UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-80422-MIDDLEBROOKS

MANZARO JOSEPH,

    Plaintiff,

v.

SEAN JOHN COMBS, et al.,

    Defendants.
_____/

## ORDER ON MOTION FOR ATTORNEY'S FEES

THIS CAUSE is before the Court in light of Defendant Emilio Estefan, Jr's Verified Motion for Attorney's Fees, filed on October 10, 2025. (DE 53). On several occasions, I have granted Plaintiff's request for an extension of time to file his Response to Defendant's Motion for Attorney's Fees, considering his representations that the Parties were attempting to resolve the dispute through settlement. As a result, the deadline for Plaintiff to file his Response was extended from October 24, 2025, to December 1, 2025. As of that deadline, closing documents had not been filed in the court record. Consequently, I ordered the Plaintiff to show cause as to why he had failed to comply with the previous deadlines, and why the Defendant's Motion should not be granted. (DE 60). Both Parties filed Responses. (DEs 61, 62). The Parties represent that, although they have reached a settlement in principle, they have disputed how it may be properly effectuated. It is now January 27, 2026, and there remains no final settlement of the dispute. I therefore find it proper to rule on the Motion, without the benefit of responsive briefing from Plaintiff, who has had ample time to submit his counter arguments (if any) to the court, but has chosen not to do so.

With respect to 28 U.S.C. § 1927, the Court may require "[a]ny attorney ... who so multiplies

the proceedings in any case unreasonably and vexatiously ... to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The imposition of sanctions under § 1927 is an "extraordinary remedy," which should be used sparingly. *See Monk v. Roadway Exp., Inc.*, 599 F.2d 1378, 1382 (5th Cir. 1979). Before a district court may impose Section 1927 sanctions, it must find that three elements have been met. First, the attorney must engage in "unreasonable and vexatious conduct;" second, that conduct must "multipl[y] the proceedings;" and third "the dollar amount of the sanction must bear a financial nexus to the excess proceedings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007). Given the permissive language contained in § 1927 (*i.e.* "may") the issue of whether to impose the requested sanctions is left to the sound discretion of the court. *See, e.g., Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("The word 'may' clearly connotes discretion"); *Amlong & Amlong, P.A*, 500 F.3d at 1237-38.

Although Plaintiff's behavior may well meet the criteria under Section 1927, I decline to exercise my discretion in awarding attorney's fees. In my Rule 11 Order, I emphasized that Attorney Walker had cause to doubt the veracity of the Amended Complaint's allegations and failed to conduct a sufficient pre-suit investigation, and I concluded that he should have been aware of the frivolous nature of the pleadings. (DE 52 at 6). Sanctions under Rule 11 were therefore proper. In assessing a $7,500 sanction against Walker, I assessed what was warranted to meet Rule 11's goal of deterring "baseless filings in the district court," and "any interpretation" of the rule "must give effect to the Rule's central goal of deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The penalty assessed was, in my view, adequate in terms of meeting the aims of Rule 11, but also a reflection of what I believed Attorney Walker could pay. Therefore, any amount beyond the amount ordered is unnecessary.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Emilio Estefan, Jr's Verified Motion for Attorney's Fees (DE 53) is **DENIED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 28 day of January, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.

Counsel of Record